UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA JUSTINE SALAMANCA MONTERO, <br><br> Plaintiff, <br><br> v. <br><br> MARKWAYNE MULLINS et al., <br><br> Defendants. | Case No. 8:26-cv-00849-SB-KES <br><br><br> ORDER GRANTING IN PART EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 4] |

Petitioner Laura Justine Salamanca Montero is a Colombian citizen who entered the United States in June 2022 to seek asylum. She was detained by the Department of Homeland Security (DHS) at the border, released on supervision, and placed in removal proceedings. She subsequently applied for asylum, attended all removal hearings, and complied with her supervision requirements, including GPS monitoring and checking in weekly with Immigration and Customs Enforcement (ICE).

While living in the United States, Petitioner was arrested for petty theft and was convicted of a DUI. On December 14, 2025, she was redetained by ICE at a gas station and transferred to the Adelanto Detention Center, where she remains. On March 24, 2026, an immigration judge denied bond based on lack of jurisdiction. Since being redetained, Petitioner has had 10 medical appointments and received treatments for multiple medical issues.

On April 8, 2026, Petitioner filed a habeas corpus petition and ex parte application for a temporary restraining order (TRO) challenging her arrest and redetention as violating due process, the Fourth Amendment, and the Immigration and Nationality Act (INA). Dkt. Nos. 1, 4. Petitioner seeks her immediate release from immigration custody. The government opposes her release but does not oppose providing her with another bond hearing. Dkt. No. 11.

1

## I.

To obtain preliminary relief, a plaintiff must establish:  (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in her favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same).  In the Ninth Circuit, a preliminary injunction may issue where there are "serious questions going to the merits"—a "lesser showing than likelihood of success on the merits"—and a "balance of hardships that tips sharply toward the plaintiff," provided the other elements of the *Winter* test are also met.  *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (cleaned up).  "A preliminary injunction is an extraordinary remedy never awarded as of right," but only "upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22, 24.

## II.

Petitioner asserts that she is being improperly detained without bond under 8 U.S.C. § 1225(b)(2)(A).  *See Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1124 (C.D. Cal. 2025) (certifying nationwide class of noncitizens challenging DHS policy of denying bond).  The government does not oppose an order requiring Respondents to provide Petitioner with a bond hearing.  The Court therefore orders a bond hearing.

Petitioner fails to demonstrate a likelihood of success or raise a serious question on the merits of her remaining claims.

1.  Petitioner asserts that her detention violates her substantive due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because it is not reasonably related to a nonpunitive purpose.  *Zadvydas* protections, however, apply only to noncitizens subject to a final order of removal and detained under 8 U.S.C. § 1231. *See F.R.V. v. Semaia*, No. 5:26-CV-01069-SB-DSR, 2026 WL 852064, at *2 n.2 (C.D. Cal. Mar. 24, 2026) ("The *Zadvydas* burden-shifting framework, however, applies only to individuals subject to final orders of removal.").  Because Petitioner does not yet have a final removal order, this claim fails.

2.  Petitioner contends that procedural due process requires a pre-deprivation hearing before being taken into immigration custody.  *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  While the Supreme Court has held in the context of

criminal parolees that an informal hearing is required before depriving an individual's liberty, *see Morrissey v. Brewer*, 408 U.S. 471, 484 (1972), the Ninth Circuit has made clear that procedural due process "can and must account for the heightened governmental interest in the immigration detention context," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). The TRO application fails to address *Rodriguez Diaz* and the adequacy of the post-deprivation process available to Petitioner. Requiring Respondents to provide a bond hearing will further mitigate the risk of erroneous deprivation here. *See id.* at 1208 (noting court must consider "the process [petitioner] received during [detention]" and "the further process that was available to him"). Thus, Petitioner fails to show that procedural due process requires a pre-deprivation hearing.

3. Petitioner asserts that her rearrest violated the Fourth Amendment. The INA and its implementing regulations, however, provide DHS with broad authority to revoke a noncitizen's supervised release. 8 U.S.C. §§ 1226(a)–(b); 8 C.F.R. § 236.1(c)(9) ("When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director . . . in which event the alien may be taken into physical custody and detained."). Petitioner does not address these provisions or otherwise develop an argument showing that redetention in this context violated the Fourth Amendment. Accordingly, her Fourth Amendment challenge fails.[1]

III.

Petitioner represents that she is receiving inadequate medical care in detention and that her deteriorating condition requires her immediate release. Dkt. No. 4-1 at 24–25; Dkt. No. 12 at 3. The government responds that she has received medical appointments and been prescribed care on 10 occasions, including four times since March. Dkt. No. 11 at 2.

Petitioner has not asserted a claim regarding inadequate medical care in the petition or TRO application. *See Bent v. Barr*, 445 F. Supp. 3d 408, 416 (N.D. Cal.

---

[1] Petitioner's authorities are inapposite. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1196 (N.D. Cal. 2017) (addressing procedural due process claim of unaccompanied minor immigrants subject to rearrests after being placed in custody of the Office of Refugee Resettlement by DHS), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018); *Williams v. Dart*, 967 F.3d 625, 632 (7th Cir. 2020) (addressing prolonged detention of individuals charged with felonies after posting bail).

2020) (noting criminal detainees may raise claims for deliberate indifference to medical needs under the Eighth Amendment, while similar claims by civil detainees arise under the Fifth Amendment); *see also Dawson v. Asher*, 447 F. Supp. 3d 1047, 1050 (W.D. Wash. 2020) (noting civil immigration detention is unlawful where conditions of confinement "amount to punishment of the detainee" because the conditions are "not reasonably related to a legitimate governmental objective") (cleaned up).  Her claim of inadequate medical care is therefore relevant only to irreparable harm.  Having failed to demonstrate a likelihood of success or serious question on the merits of her substantive claims, irreparable harm from allegedly inadequate care alone cannot justify her release.

The Court is sensitive to the hardships of detention and Petitioner's medical issues.  On this record, Petitioner has not shown that release is warranted based on the legal claims raised in the petition.

## IV.

The application is granted in part.  The Court orders as follows: Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of this order, in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, including 8 C.F.R. §§ 236.1(d)(1), 1003.19.

The motion is otherwise denied.  The Court will treat the government's opposition to the TRO application as a response to the merits of the petition.  By April 27, 2026, the government shall file a report on the status of its compliance with this order.  By May 1, 2026, Petitioner shall file a request for dismissal or show cause why dismissal should not be ordered in light of this order.  Petitioner's failure to timely respond to this order will be construed as consent to dismiss the petition and close the case.

Date: April 17, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

4